IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAVIER JORDAN                                                                                    PLAINTIFF

v.                                          Civil No. 4:25-cv-04002-CDC

LT. KAREN GHORMLEY                                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Currently before the Court is Plaintiff's failure to obey a Court Order and the Local Rules of Civil Procedure. Also before the Court is Plaintiff's failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on January 21, 2025. (ECF No. 1). He was granted *in forma pauperis* (IFP) status the same day. (ECF No. 3). In the Order granting IFP status, Plaintiff was informed that he must inform the Court of any address change immediately, or his case would be subject to dismissal. (*Id.*). On January 22, 2025, the Court entered an Order severing the case into two cases[1] and directing Plaintiff to submit an Amended Complaint addressing only the relevant claims in each case. (ECF No. 6).

---

[1] This case and *Jordan v. Ghormley*, 4:25-cv-04005-CDC.

Plaintiff submitted an Amended Complaint on February 21, 2025. (ECF No. 7). On March 13, 2025, the Court entered an Order identifying deficiencies in the Amended Complaint, and providing further explanation to Plaintiff as to what was required. (ECF No. 9). Plaintiff was given until April 3, 2025, to submit his Second Amended Complaint. (*Id*.). This Order was not returned as undeliverable.

When Plaintiff failed to submit his Second Amended Complaint, the Court entered a Show Cause Order on April 11, 2025, directing Plaintiff to show cause for his failure by May 2, 2025. (ECF No. 10). On May 1, 2025, the Show Cause Order was returned as undeliverable, indicating no forwarding address was available. (ECF No. 11).

To date, Plaintiff has failed to submit his Second Amended Complaint and his current mailing address. Nor has he otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 7) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **5th day of May 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3